The plaintiffs, Tony Gaskins and Buthchhay Chourb, appeal from a judgment of dismissal of their amended complaint. We affirm.
The plaintiffs are prisoners in lawful custody of the Department of Correction (DOC). The defendants are various correction officers and officials. As alleged, the defendants at various times improperly lost, destroyed, allowed to be stolen by unknown persons, or confiscated as "contraband" some of the plaintiffs' personal property. All of the individual incidents alleged have been the subject of grievance procedures initiated by either Gaskins or Chourb.
In their present action, purportedly under G. L. c. 231A (declaratory relief) and 42 U.S.C. § 1983 (Federal civil rights violations), the plaintiffs seek declarations that certain State regulations have "the force of law" and that their personal property "must be returned to" them; that they have "a right ... to the safekeeping and delivery of their property"; and that any lost or destroyed property "must be replaced in full or [the plaintiffs] be fully compensated monetarily for their loss." The judge denied the plaintiffs' motion for a temporary injunction; the judge later, on the defendants' motion pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), dismissed the plaintiffs' amended complaint.
As the judge observed, "Although framed as a suit for declaratory judgment ..., plaintiffs' complaints are more properly challenging the application of those regulations to grievances each plaintiff filed at one or more DOC institutions. As such, there is an adequate remedy at law without need for declaratory relief." See G. L. c. 127, § 38H, inserted by St. 1999, c. 127, § 133 ("A final decision with respect to a grievance shall be subject to judicial review in accordance with section 14 of chapter 30A"); Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 135-136 (2013). The plaintiffs have not alleged "sufficient facts [demonstrating that DOC] has 'practices or procedures ... in violation of the Constitution of the United States ... which ... ha[ve] been consistently repeated.' " Id. at 137 n.9, quoting from G. L. c. 231A, § 2. In sum, the judge properly dismissed the plaintiffs' claims under the declaratory relief act.
The judge's dismissal of the plaintiffs' § 1983 claims was also proper. To succeed under § 1983, the plaintiffs must first "prove that the defendant[s] ha[ve] deprived [them] of a right secured by the 'Constitution and laws' of the United States." Mancuso v. Massachusetts Interscholastic Athletic Assn., 453 Mass. 116, 122-123 (2009), quoting from Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). The plaintiffs' allegations did not implicate such a right, and were therefore properly dismissed under rule 12(b)(6). See Parratt v. Taylor, 451 U.S. 527, 542 (1981) (due process only implicated by claims of deprivation of property by State actors if no remedy available under State law), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 329-330 (1986).
Judgment affirmed.